JUSTICE COMPTON,
with whom CHIEF JUSTICE CARRICO and JUSTICE LACY join, dissenting.
The dispositive question in this zoning controversy is whether a local governing body, in enacting a zoning ordinance, violated the second paragraph of art. VII, § 7, of the 1971 Constitution of Vir *437 ginia, which provides: “On final vote on any ordinance or resolution, the name of each member voting and how he voted shall be recorded.”
In 1996, appellant Town of Madison, Incorporated, filed a bill of complaint seeking an injunction against appellee Carol W. Ford. The Town alleged Ford owns a parcel of land located in the Town that is classified “Residential, R-l” under the Town’s zoning ordinance. The Town further alleged that two businesses, a realty company and an attorney’s office, are being operated from a residence on the property in violation of the ordinance. The Town asked the court to issue a permanent injunction to prohibit such violation.
Responding, Ford filed a “special plea” seeking dismissal of the bill of complaint. She asserted the constitutional provision at issue requires “a Roll Call vote.” Thus, she alleged, the zoning ordinance, adopted in 1972, is void because it was not enacted according to the procedure set forth in art. VII, § 7.
The parties submitted in evidence by stipulation certain Town records. Following argument of counsel, the trial court sustained the plea and dismissed the bill. We awarded the Town this appeal.
The 1971 and 1972 Town records received in evidence show these facts. On July 14, 1971, the incumbent circuit judge administered the oath of office to the five members of the Madison Town Council, one of whom took the oath as Mayor. Council minutes of a “regular monthly meeting,” held on October 9, 1972, show that the same five persons were still serving as members.
Council minutes of “a special meeting,” the focus of this dispute, held on October 25, 1972, show that “[a]ll members were present.” The minutes further show: “Council was informed by the Planning Commission that they have approved the Zoning Ordnance [sic] as stated in the June 1972 printing with revisions.” The minutes also show that a named council member “moved that the Town Council accept the ordnance [sic] as presented by the Commission” and that another named member “seconded” the motion, which “carried unanimously.” A third member, the Mayor, as well as the Town’s clerk, signed the typed minutes, which contain 12 sentences.
In a letter opinion sustaining the plea, the trial court stated that “only one” of the documents received in evidence was “relevant” to the issue presented, that is, the copy of the minutes of the October 25 special meeting. The court said those minutes “state that all members were present without stating the names of the members or even the number of members.”
*438 The trial court then ruled as follows: “This court concludes that since the minutes in question do not set forth the names of the council members in attendance, the statements that all members were present and that the zoning ordinance was unanimously adopted do not comply with the constitutional requirement of the second paragraph of Art. VII, § 7.” The court incorporated its letter opinion in the January 1997 final order, which declared the ordinance void ab initio.
When a legislative body performs its law-making function, courts must accord the legislative action “every reasonable presumption” of validity. Wise v. Bigger, 79 Va. 269, 281 (1884). Otherwise, there would be interference with the legitimate power and functions of legislative bodies. Id. Consistent with this principle, the General Assembly, in the revision of Title 15.1 of the Code effective December 1, 1997 (after the decision below), has provided: “All ordinances heretofore adopted by a governing body shall be deemed to have been validly adopted, unless some provision of the Constitution of Virginia or the Constitution of the United States has been violated in such adoption.” Code § 15.2-1427(C).
Accordingly, if the procedure connected with enactment of a local ordinance is questioned, substantial compliance with constitutional or statutory provisions regarding recording of legislators’ votes should be sufficient to validate the action. Hammon v. Dixon, 338 S.W.2d 941, 944 (Ark. 1960).
Applying these principles to the present case, I would conclude, first, contrary to Ford’s argument, that the constitutional provision in issue does not require a roll call vote, that is, a vote “taken by yeas and nays,” as defined in Robert’s Rules of Order Revised 197 (1951). Indeed, Code § 15.1-828 (1981 Repl. Vol.), effective at the time of this dispute, specifically provided that “the yeas and nays shall be recorded on any question” at the request of any town council member present, a clear indication that the General Assembly did not consider the constitutional procedure to require that method of voting. (That statute was repealed with the revision of Title 15.1. Acts 1997, ch. 587.)
Second, I would conclude there has been substantial compliance with the constitutional requirement. Contrary to the trial court’s ruling, I am of opinion that all the Town’s records submitted as exhibits were “relevant” to consideration of the issue; the constitutional provision nowhere specifies that only the minutes of the meeting in issue may be considered to sustain an ordinance.
*439 When all these documents are considered, they show the names of all the council members; they show that all members were present at the special meeting (which had only one item on the agenda); and they show that all those members voted in the affirmative for the adoption of the zoning ordinance. Given the presumption of validity to be accorded the actions of the council, I would hold that Ford failed as a matter of law to carry her burden to establish the correctness of her “special plea,” that the Town has not violated this non-substantive, procedural constitutional provision, and that the ordinance was validly adopted.
Consequently, I would reverse the judgment of the trial court, reinstate the Town’s bill of complaint, and remand the cause to the trial court for further proceedings.